IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE AT MEMPHIS
WESTERN DIVISION

| | |
|---|---|
| **DELORES J. WILLIAMS,** | ) |
| Plaintiff, | ) |
| | ) Case No. 2-13-cv-2589 |
| v. | ) |
| **INGRAM MICRO, INC.,** | ) |
| Defendant. | ) |

## COMPLAINT

1. This is an action for declaratory judgment and for damages to redress the deprivation of rights secured to the plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* (hereinafter "Title VII").

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff is alleging a violation of her rights under Title VII to enforce the provisions of that Act.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3). This claim arose within the jurisdiction of this district.

4. Plaintiff Delores Williams is a resident of Memphis, Shelby County, Tennessee. She was employed by the Defendant Ingram Micro, Inc., in

Millington, Shelby County, Tennessee, from October 7, 1997, until August 3, 2011.

5. Defendant Ingram Micro, Inc. ("Ingram Micro") is a foreign corporation organized under the laws of the State of Delaware and doing business in the State of Tennessee. Defendant is an "employer" within the meaning of 42 U.S.C. 2000e (a) and (b) and is engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 2000(e)-(h).

6. On or about September 9, 2011, the Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Such charge was filed within three hundred (300) days after the alleged unlawful employment practices alleged therein.

7. On or about April 30, 2013, the EEOC issued the Plaintiff a Dismissal and Notice of Rights letter stating that she could file a civil action under Title VII of the Civil Rights Act of 1964, as amended, within ninety (90) days from the receipt of such Notice. The Plaintiff filed her Complaint in this case within ninety (90) days after the date on which she received such Notice of Rights.

8. The Plaintiff started working for the Defendant on October 7, 1997.

9. The Plaintiff provided loyal and diligent service to the Defendant for almost fourteen years until her termination on August 3, 2011. At all times complained of herein, Plaintiff was employed by Defendant Ingram Micro, Inc., at its facility located in Millington, Tennessee. At the time of her termination she held the position of Operations Associate PTS 350.

10. Prior to her termination on August 3, 2011, the Plaintiff had never received any form of disciplinary action for alleged misconduct at work.

11. In October 2010, the Plaintiff complained internally to the Defendant's Human Resource department about the unwelcome sexual comments and behavior of a co-worker. After an investigation of her sexual harassment complaint, her charges were found to have merit and the co-worker was disciplined.

12. Despite the fact that after making this complaint the Plaintiff continued to provide loyal and diligent service to the Defendant by performing her job duties in a satisfactory manner, she was subsequently retaliated against at work for making the complaint and ultimately terminated on August 3, 2011.

13. The reason the Plaintiff was given by the Defendant's Human Resources Manager for the termination was that she was unhappy with her job; did not like her team leader and had cursed out other associates.

14. Despite the fact the Plaintiff told the Human Resources Manager that none of the alleged reasons being given for her termination were true, as well as the fact those allegations were not true, she was still terminated.

15. The Plaintiff is aware of other associates who the Defendant's management and human resources personnel knew had in fact cursed other associates or engaged in other misconduct at work but those associates were not terminated for doing so.

16. Based on these facts, the Plaintiff avers the reasons she was given for her termination are a mere pretext to try to hide the real reason which was retaliation for the prior sexual harassment complaint she made against a co-worker.

17. The Plaintiff avers this retaliation was in violation of Title VII of the Civil Rights Act of 1964, as amended.

18. The Plaintiff avers the retaliation against her was willful and with malice and reckless disregard of the federal civil rights laws.

19. As a direct and proximate result of the foregoing retaliation, the Plaintiff has suffered, and will continue to suffer, a major loss of pay and benefits, as well as mental distress, humiliation, embarrassment and loss of enjoyment of life.

WHEREFORE, the plaintiff respectfully requests that this Court grant the following relief:

1. Enter a declaratory judgment finding that the acts and practices of Defendant complained of herein are in violation of the laws of the United States prohibiting retaliation for protesting sex discrimination;

2. Award the Plaintiff lost wages, including lost fringe benefits, plus interest, which resulted from the illegal retaliation;

3. Order the Defendant to reinstate Plaintiff or award her front pay;

4. Award the plaintiff compensatory and punitive damages for the retaliation;

5. Award the plaintiff the costs of this action, together with reasonable attorney's fees;

6. Grant the plaintiff such other and further relief as this court deems appropriate.

        Respectfully submitted,

        **NORWOOD & ATCHLEY**

         /s/ Dan M. Norwood
        Dan M. Norwood

266 South Front Street, Suite 206
Memphis, Tennessee 38103
Tel: (901) 528-8300
Fax: (901) 529-9101